IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HMC RFG INVESTORS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:23-CV-2793-D |
| VS. | § | |
| | § | |
| ROBERT T. JONES, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff HMC RFG Investors LLC ("HMC") moves to remand based on the absence of complete diversity and defendant Robert T. Jones's ("Jones's") in-state citizenship. Jones does not oppose the motion to remand except to the extent that HMC requests attorney's fees and costs under 28 U.S.C. § 1447(c). For the reasons that follow, the court grants HMC's motion to remand, including its request for attorney's fees and costs.

I

On December 19, 2023 Jones removed this case from state court based on diversity jurisdiction. Three days later, Jones filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[1]

On December 22, 2023 the court issued an order directing Jones to file an amended notice of removal that properly alleged his citizenship and the citizenship of HMC. In

---

[1]Because the court is remanding this case, it does not address the pending motion to dismiss.

response, Jones filed an amended notice of removal in which he properly alleged that he was a citizen of Texas.  Because the amended notice of removal was still defective as to HMC, the court on December 28, 2023 ordered Jones to file a second amended notice of removal that properly alleged HMC's citizenship.

Jones responded to the court's order on January 11, 2024, noting that his counsel had conferred with HMC's counsel and that "[Jones] believes that remand is appropriate and has indicated his non-opposition to remand that will be brought by Plaintiff's motion." D. Resp. (ECF No. 11) at 1.  That same day, HMC filed a motion to remand on the grounds that complete diversity of citizenship does not exist and that Jones, a citizen of Texas, is prohibited from removing the case to a Texas federal court.  In its motion, HMC seeks reasonable attorney's fees and costs under 28 U.S.C. § 1447(c)—a request that Jones opposes.

II

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 533 n.14 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)).  "The decision to award fees is a matter of discretion." *Fathergill v. Rouleau*, 2003 WL 21467570, at *2 (N.D. Tex.

June 23, 2003) (Fitzwater, J.) (citation omitted). A fee award is limited to the "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

The court grants HMC's request for costs and attorney's fees because Jones lacked an objectively reasonable basis for removing the case. In his response, Jones argues that "[t]he requirement for payment of attorneys' fees is permissive, and when Defendant's Removal was filed, it was made in good faith as Defendant was unaware of any members of Plaintiff's LLC being domiciled in Texas. Therefore, there was an objectively reasonable basis for removal[.]" D. Br. (ECF No. 17) at 2. But while this would explain Jones's failure to account for HMC's Texas citizenship, Jones does not dispute that he has known since the time of removal that *he* is a citizen of Texas. The statute that permits removal based on diversity of citizenship clearly provides that such an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In other words, even if Jones had a reasonable basis to conclude that there was complete diversity, it was not reasonable to conclude that the case was otherwise removable under § 1441(b)(2) based on Jones's in-state citizenship.

Accordingly, within 21 days of the date this memorandum opinion and order is filed, the parties must confer regarding the reasonable attorney's fees and costs that HMC incurred as a result of the removal— that is, the fees and costs incurred in federal court that would not have been incurred had the case remained in state court. If they reach agreement, Jones must

pay these attorney's fees and expenses within 28 days of the date this memorandum opinion and order is filed. If they do not reach agreement, HMC must file its application for attorney's fees, just costs, and actual expenses within 28 days of the date this memorandum opinion and order is filed. Briefing will then follow according to the deadlines prescribed by the local civil rules.

* * *

HMC's motion to remand is granted. Pursuant to 28 U.S.C. § 1447(c), the court remands this case to the 192nd Judicial District Court of Dallas County, Texas. The clerk shall effect the remand according to the usual procedure. The court retains jurisdiction over the request for attorney's fees and costs.

**SO ORDERED**.

February 9, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE