IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HMC RFG INVESTORS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:23-CV-2793-D |
| VS. | § | |
| | § | |
| ROBERT T. JONES, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In *HMC RFG Investors LLC v. Jones* (*HMC I*), 2024 WL 519723, at *1(N.D. Tex. Feb. 9, 2024) (Fitzwater, J.), the court granted the motion to remand of plaintiff HMC RFG Investors LLC ("HMC") and awarded it costs and attorney's fees under 28 U.S.C. § 1447(c) because the removal by defendant Robert T. Jones ("Jones") was objectively unreasonable. HMC has filed an application for attorney's fees, which Jones opposes. For the reasons that follow, the court grants the application and awards HMC the sum of $9,870.00 in attorney's fees.

I

In response to *HMC I*, HMC filed a fee application requesting attorney's fees in the amount of $9,870.00 for the services of Alan S. Notinger, Esq. ("Notinger"). HMC contends that it has exercised billing judgment and voluntarily reduced its requested attorney's fees by excluding all time spent by co-counsel and by any paralegal; by excluding time spent in February 2024 and March 2024, including the time spent preparing plaintiff's motion for

attorney's fees; and by discounting Notinger's time entries of 37.6 hours to 18.8 hours. HMC seeks attorney's fees for 18.8 hours of work by Notinger at an hourly rate of $525.00.

Jones objects to HMC's fee request on two grounds: (1) HMC's billing entries do not provide sufficient information to enable the court to determine the reasonableness of the listed tasks, and (2) HMC's motion fails to provide support for the requested hourly rate. Jones maintains that the amount HMC seeks is excessive and unreasonable and should be reduced to $3,000.00 based on 10 attorney hours at a rate of $300.00 per hour.

II

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

> The determination of a fees award is a two-step process. First the court calculates the "lodestar" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974).

*Jimenez v. Wood Cnty., Tex*., 621 F.3d 372, 379-80 (5th Cir. 2010) (some citations omitted). The lodestar is presumptively reasonable, *see Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010), but the applicant bears the burden of substantiating both the requested hours and the hourly rates, *Hensley v. Eckerhart*, 461 U.S. 424, 437(1983).

III

To calculate the lodestar amount, the court must first determine the reasonable hourly rate.

A

"The hourly rate[] to be used in the lodestar calculation [is] determined by 'the prevailing market rates in the relevant community.'" *Barrow v. Greenville Indep. Sch. Dist.*, 2005 WL 6789456, at *15 (N.D. Tex. Dec. 20, 2005) (Fitzwater, J.) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)), *aff'd*, 2007 WL 3085028 (5th Cir. Oct. 23, 2007). The relevant legal community is the community where the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). As the fee applicant, HMC "bears the burden of demonstrating 'that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Barrow*, 2005 WL 6789456, at *15 (quoting *Blum*, 465 U.S. at 895 n.11). Parties usually establish the reasonable hourly rate by providing affidavits of other attorneys practicing in the community. *See Tollett*, 285 F.3d at 368. But "[t]he affidavits of counsel may alone be sufficient proof" to establish the reasonable hourly rate. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012) (discussing attorney's fees in a discovery dispute). The trial court itself is also considered an expert as to the reasonableness of attorney's fees and therefore may exercise its own expertise and judgment in making an independent valuation of appropriate attorney's fees. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Wachovia Bank, Nat'l Ass'n v. Schlegel*,

2010 WL 4275277, at *2 n.4 (N.D. Tex. Oct. 29. 2010) (Fitzwater, C.J.).

B

HMC seeks attorney's fees for Notinger's services at an hourly rate of $525.00. It supports its fee application with a declaration in which Notinger avers that he is familiar with the reasonable, usual, and customary fee amounts charged for suits of this type in Dallas, Texas; he is familiar with the hourly rates charged for suits of this type in Dallas, Texas; and he has testified as an expert witness concerning the subject of reasonable and necessary attorney's fee amounts on a number of occasions at trials in the Dallas area. Notinger posits that an hourly rate of $525.00 is reasonable because he has been licensed to practice law in Texas since 1982, his practice since 1982 has involved the area of civil business litigation, and the cases he has handled cover a wide range of industries and subjects, including cases involving claims for fraud and negligent misrepresentation, such as in this case. Jones responds that Notinger's hourly rate is excessive and not reflective of the instant case and that HMC's motion "offers no range for litigators in Dallas, providing no support for the rate proffered, which at Plaintiff's counsel's proposed hourly rate of $525 an hour is excessive." D. Br .4.

Notinger's hourly rate is consistent with—if not lower than—the prevailing market rates established in recent cases by the undersigned and other judges of this court. *See, e.g.*, *Mai v. Art Inst. of Dall. Aii, LLC*, 2023 WL 8005315, at *3 (N.D. Tex. Nov. 17, 2023) (Fitzwater, J.) (finding hourly rate of $535.00 for attorney with 20 years civil litigation experience to be reasonable); *Cortes-Castillo v. One Time Constr. Tex. LLC*, 2023 WL

5826976, at *3 (N.D. Tex. Sept. 8, 2023) (Ramirez, J.) (finding hourly rate of $440.00 for attorney licensed in 2012 and hourly rate of $485.00 for attorney licensed in 2009 to be reasonable); *Mary Kay, Inc. v. Keller*, 2023 WL 4089428, at *2 (N.D. Tex. June 19, 2023) (Starr, J.) (finding hourly rate of $556.32 for partners and average hourly rate of $342.97 for associates to be reasonable); *Hardy v. SDM Hosp., LLC*, 2022 WL 272718, at *6 (N.D. Tex. Jan. 10, 2022) (Toliver, J.) (finding hourly rate of $525.00 for attorney licensed in 1993 to be reasonable), *rec. adopted*, 2022 WL 271751, at *1 (N.D. Tex. Jan. 28, 2022) (Scholer, J.); *Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.*, 2021 WL 6428370, at *6 (N.D. Tex. Dec. 17, 2021) (Rutherford, J.) (finding hourly rates between $537.00 and $862.00 for complex litigation attorneys from full-service law firm to be reasonable).

The rate requested also appears to be Notinger's regular rate. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (per curiam) ("When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed." (quoting *Islamic Ctr. of Miss., Inc. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989))). And "if the opposing party . . . urges that the fees be based on a rate lower than the prevailing attorney's usual charge, even though that amount is within the community-accepted range, that party should at least adduce some evidence to support its position that, under the circumstances, the requested rate is not reasonable." *Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990) (quoting *Islamic Ctr. of Miss., Inc.*, 876 F.2d at 469). Jones

does not present any evidence demonstrating why HMC's requested hourly rate is not reasonable. Nor does he provide any basis, apart from his own assertion of reasonableness, for his proposed alternative rate of $300.00 per hour. The court, as an expert in attorney's fees, finds that $525.00 per hour is customarily charged in this locality for similar legal services and is a reasonable rate.

IV

The court next determines the number of hours reasonably expended as a result of the removal.

A

As the fee applicant, HMC bears the burden of "documenting the appropriate hours expended" and should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. Ideally, HMC should document its counsel's hours in the form of contemporaneous billing records "containing the date, the number of hours spent (calculated to a tenth of an hour), and a short but thorough description of the services rendered." *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997). HMC must show that its attorneys exercised "billing judgment" by providing "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006) (per curiam). Where the supporting documentation is inadequate, the court in its discretion can reduce the award accordingly. *See Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 536 (5th Cir. 1986).

B

HMC seeks fees for 18.8 hours of work performed by Notinger in December 2023 and January 2024. Jones objects generally to HMC's hours, maintaining that Nottinger's billing records, which use terms such as "review" to describe the various tasks associated with HMC's motion to remand, "do not provide enough information sufficient to provide this Court the ability to determine the reasonableness of the tasks, thereby warranting a reduction in Plaintiff's requested hours." D. Br. 4.

The court finds that the hours for which HMC seeks compensation are reasonable. HMC has submitted time records with daily entries billed to the tenth of the hour. The descriptions demonstrate that Notinger spent 37.6 hours, *inter alia*, reviewing the various notices of removal, reviewing research materials related to the notice of removal, reviewing this court's filings and orders, drafting the motion to remand, drafting the supporting declaration of Joseph Palladino, exchanging phone calls and emails with opposing counsel regarding the motion to remand, drafting the response to the motion to dismiss, and preparing the motion to stay scheduling proposal order. Although there are entries that lack sufficient detail, HMC has exercised billing judgment and does not seek fees for the time spent by Nottinger's co-counsel or any paralegal, it has excluded all time spent in February and March 2024 (including the time spent preparing HMC's motion for attorney's fees), and it has discounted Nottinger's time entries of 37.6 hours to 18.8 hours to account for time attributable to the underlying state court case. HMC has satisfied its burden to demonstrate the reasonableness of the time for which it seeks to recover attorney's fees. Accordingly, the

court finds that 18.8 hours of work spent by Nottinger is reasonable. The lodestar amount therefore equals $525.00 x 18.8 hours, which totals $9,870.00 in attorney's fees.

V

Once the lodestar amount is determined, there is a strong presumption that it represents a reasonable fee. *See Perdue*, 559 U.S. at 552; *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). The court can adjust the lodestar upward or downward after assessing the pertinent *Johnson* factors,[*] but the party seeking the adjustment bears the burden of establishing that an adjustment is warranted. *See Kellstrom*, 50 F.3d at 329 (citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 413 (2d Cir. 1989)). Many of the Johnson factors are "presumably fully reflected in the lodestar amount," however, such modifications are proper only in certain "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings." *Del. Valley Citizens' Council*, 478 U.S. at 565 (citing *Blum*, 465 U.S. at 898-901).

Although HMC mentions the *Johnson* factors in its fee application, neither party requests an upward or downward departure from the lodestar based on the *Johnson* factors. And the court declines to adjust the lodestar amount because it finds that no further adjustments are warranted under the *Johnson* factors. *See Johnson*, 488 F.2d at 717-19.

---

[*]Not all *Johnson* factors still apply. *See City of Burlington v. Dague*, 505 U.S. 557, 567 (1992) (suggesting *Johnson* factor six, whether the fee is fixed or contingent, is largely erroneous); *Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) (holding that "the contingent nature of the case cannot serve as a basis for enhancement of attorneys' fees awarded to prevailing plaintiffs under traditional fee-shifting provisions").

\* \* \*

Accordingly, for the reasons explained, the court grants HMC's fee application and awards HMC the total sum of $9,870.00. Jones must pay this award to HMC within 28 days of the date this memorandum opinion and order is filed. If it fails to do so, HMC may enforce this memorandum opinion and order as if it were a judgment of this court.

**SO ORDERED**.

June 4, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE